UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMMIGRATION REFORM COALITION OF TEXAS (IRCOT), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 10-cv-0139 |
| STATE OF TEXAS, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Remand of Plaintiff Immigration Reform Coalition of Texas ("IRCOT") (Doc. No. 7). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that IRCOT's Motion should be granted.

**I.    BACKGROUND**

IRCOT is a non-profit organization, one or more of whose members are state and local taxpayers in Harris County, Texas. IRCOT alleges in its original Petition that 8,000 illegal aliens are currently attending Texas colleges and universities and are classified as Texas residents under state law, thereby becoming eligible to pay discounted in-state tuition and receive financial aid and other state educational grants to Texas public universities. IRCOT alleges that certain provisions of the Texas Education Code conflict with, and are preempted by, federal laws establishing that illegal aliens are not eligible for post-secondary education benefits at public institutions of higher education. (Pl. Org'l Pet., Doc. No. 1-2, ¶¶ 5-10.) IRCOT filed this suit against the State of Texas and various state officials in their individual and representative capacities, seeking declaratory and

1

injunctive relief. More specifically, IRCOT seeks a declaration that "in Texas, an illegal alien is not eligible for discounted in-state tuition or any form of state student financial aid," and that "the provision of Texas law that allows an alien to qualify as a Texas resident for purposes of discounted in-state tuition and state financial aid are preempted, void, and of no effect." (*Id.* ¶¶ 46-47.) IRCOT also seeks an order enjoining the defendants from making, or forwarding, monetary grants to illegal aliens under the Texas Education Opportunity Grant Program, the Toward Excellence, Access, & Success Grant Program, or the Tuition Equalization Grant Program." (*Id.* ¶ 48.)

This case was originally filed in the 281st Judicial District of Harris County, Texas. It was then timely removed by Defendants Mary Spangler and the Houston Community College System. IRCOT now seeks to remand.

## II. LEGAL STANDARD: REMAND

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal of the suit was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). This burden is met through demonstrating federal jurisdiction by a preponderance of the evidence. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995) (invoking a "preponderance of the evidence" standard to determine whether removal was proper in the face of conflicting facts). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d

2

208, 211 (5th Cir. 2002). Furthermore, any civil action of which the district court has original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b). To determine whether a claim arises under federal law for removal purposes, the court ordinarily examines the well-pleaded allegations of the complaint and disregards any potential defenses. *Beneficial Nat. Bank, et al. v. Anderson*, 539 U.S. 1, 6 (2003) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

### III. CONSTITUTIONAL STANDING

IRCOT argues that this case must be remanded because the Petition provides no basis for finding that it has standing in federal court, and that this Court accordingly lacks subject matter jurisdiction over this case. In particular, IRCOT alleges that federal law does not allow litigants to bring cases based solely on their status as taxpayers, which is the basis of IRCOT's standing in this case. Because standing is far more permissive in state court, argues IRCOT, its case was properly filed in state court and must therefore be remanded.

#### A. Legal Standard

The three requirements that constitute the irreducible constitutional minimum of standing in federal courts are "injury in fact, causation, and redressability." *United States v. Holy Land Foundation for Relief and Development*, 445 F.3d 771, 779-80 (5th Cir. 2006); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent, not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. IRCOT is correct that

3

federal law does not recognize a litigant's standing to sue based solely on his or her standing as a federal or state taxpayer. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (2006) (noting that the interests of a taxpayer in the monies of the federal and state treasuries are too "indeterminable, remote, uncertain, and indirect" to support standing) (citing cases). This established principle is based, in part, on the fact that a federal and state taxpayer's interest in these monies is shared with millions of others. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 613-14 (1989).

However, the Court recognizes that municipal taxpayers may have standing to enjoin illegal use of taxpayer funds by a municipal entity. *Ehm v. San Antonio City Council*, 269 Fed.Appx. 375, 377 (5th Cir. 2008) (citing *ASARCO*, 490 U.S. at 613-14; *Frothingham v. Mellon,* 262 U.S. 447, 486-87 (1923)). "A plaintiff meets the 'injury' requirement of municipal taxpayer standing if he shows that 'he pays taxes to the relevant entity' and 'tax revenues are expended on the disputed practice.'" *Ehm*, 269 Fed. Appx. at 377 (citing *Doe v. Duncanville Independent School Dist.,* 70 F.3d 402, 408 (5th Cir.1995)); *Hawley v. City of Cleveland,* 773 F.2d 736, 740-42 (6th Cir. 1985) (holding that municipal taxpayers have standing if they can demonstrate that rental of city property to religious groups for less than market value will result in loss of public revenue); *but see Barnes-Wallace v. City of San Diego,* 471 F.3d 1038, 1046 (9th Cir. 2006) (holding that municipal taxpayers do not have standing to challenge city's leasing of public park land to Boy Scouts for $1 per year or less because, *inter alia,* "[t]here is no evidence that, if the leases were invalidated, the City would use the land to generate revenue").

Furthermore, preemption claims brought under the Supremacy Clause of the Constitution also require traditional Article III standing. In the context of private

enforcement of the Supremacy Clause, a finding of injury for purposes of standing does not turn on whether the plaintiff was the "intended beneficiary" of the federal statute on which the Supremacy Clause cause of action is premised. *California Pharmacists Ass'n v. Maxwell-Jolly*, 596 F.3d 1098, 1114 (9th Cir. 2010); *see also Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 332 (5th Cir. 2005) (noting that, in an action based on preemption, it is the interests protected by the Supremacy Clause, and not the preempting statute, that are at issue). A plaintiff is also not required to assert a federally created "right," in the sense that the term is used in suits brought under 42 U.S.C.A. Section 1983. *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 850-51 (9th Cir. 2009). However, those bringing claims on the basis of preemption must nonetheless meet the three requirements of Article III standing. *Id.*; *see also Day v. Bond*, 511 F.3d 1030, 1033-34 (10th Cir. 2007) (emphasizing that, although a preempting statute need not contain a private right of action to support a claim pursuant to the Supremacy Clause, a plaintiff must nonetheless establish that it has standing before it may pursue such a claim); *Villas at Parkside Partners v. City of Farmers Branch, Texas*, --- F. Supp. 2d ---, 2010 WL 1141398, at *11 (N.D. Tex. March 24, 2010) (examining whether various plaintiff groups had standing to bring a preemption claim).

  **B.**   **Analysis**

  Here, it is clear that IRCOT brings the current suit in its capacity as both a state and local taxpayer. (Pl. Org'l Pet. ¶ 39; Pl. Mot., Doc. No. 7, ¶¶ 2, 18.) IRCOT points to several provisions of the Texas Education Code that allow for public monies to be spent on the Toward Excellence, Access, & Success Grant Program, Texas Educational Opportunity Grant Program, and the Tuition Equalization Grant Program. *See* (Pl. Org'l

Pet. ¶¶ 11-24.) IRCOT seeks injunctive relief prohibiting Defendants from providing monetary grants to illegal aliens pursuant to these statutes. It also seeks a declaration that the provisions of Texas law that allow an illegal alien to qualify as a Texas resident for purposes of secondary education tuition and educational grants are preempted by federal law.

This Court lacks the power to grant either form of relief. IRCOT has no constitutional standing to challenge the alleged provision of monies to illegal aliens under various spending provisions of the Texas Education Code because, under the cases cited above, the injuries of its members based solely on their status as taxpayers providing funds to the state treasury is too uncertain and remote to satisfy constitutional standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (U.S. 2006). Absent constitutional standing, as defined by the case law discussed above, the Court lacks the ability to enjoin the spending of state tax dollars pursuant to provisions of Texas law.

Moreover, IRCOT also lacks constitutional standing to challenge, on the basis of preemption, Texas laws defining residency. More specifically, IRCOT has alleged no injury which has resulted from enforcement of the Texas statutes defining residency. Although IRCOT generally alleges that, by qualifying as Texas "residents" under the applicable provisions, illegal immigrants are granted in-state tuition rates at Texas public universities, IRCOT provides no further facts as to resulting concrete injuries from which its members suffer.[1] Accordingly, this Court has no constitutional power to grant IRCOT the declaratory relief it seeks.

---

[1] For example, IRCOT might have alleged that public funds are used to subsidize in-state tuition rates at Texas public institutions, thereby injuring IRCOT members as tax payers. IRCOT, however, makes no such allegations with respect to its preemption claim.

6

The Court cannot accept Defendants' argument that this Court may retain jurisdiction over this case by virtue of the fact that IRCOT brings the current suit partly in its members' capacities as local taxpayers. While it is true that this Court may have had the jurisdiction to hear this suit if IRCOT were challenging only the provision of local or municipal tax revenues, that is not, in fact what IRCOT alleges. Instead, IRCOT challenges the appropriation of state public monies towards educational grants for which all residents of Texas can qualify. The source of the challenged funds, that is, the entity that expends funds pursuant to the relevant grant provisions of the Texas Education Code, is the State of Texas, and not a municipal entity receiving only local taxes. Thus, presumably, the primary source of revenue from which these funds are generated are state taxes. That IRCOT brings this action on the basis of its status as both a state and local taxpayer does nothing to alter the dispositive fact that IRCOT is ultimately challenging the spending of public monies by the State of Texas. IRCOT cannot maintain such a challenge in federal court because, for purposes of standing, it can show no concrete and particularized injury that has resulted from such spending.

Accordingly, this Court must conclude that IRCOT lacks Article III standing necessary for this action to proceed in federal court. The Court makes no determination as to whether IRCOT's allegations are sufficient to confer standing in state court. However, because the suit was originally filed there, this Court remands it to the 281st District of Harris County, which can then make a determination as to whether and in what manner the suit may proceed.

**IV.   CONCLUSION**

For the reasons stated above, IRCOT's Motion to Remand (Doc. No. 7) is **GRANTED.** This case is hereby **REMANDED** to the 281st Judicial District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** this 19th day of April, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE